**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-51184
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

versus

ABRAHAM DELGADO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:08-CR-460-7

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Abraham Delgado appeals the 288-month sentence imposed following his

guilty plea conviction of conspiracy to possess five kilograms or more of a mix-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ture or substance containing a detectable amount of cocaine. Delgado argues that the sentence is procedurally unreasonable because the district court did not give adequate reasons for rejecting his arguments in favor of a below-guideline sentence and because it relied too heavily on the trial testimony given by a defendant in a related case. Delgado contends that the sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id*. at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence for abuse of discretion. *Id*. at 751-53.

Delgado's argument concerning procedural unreasonableness was not presented to the district court and thus is reviewed for plain error only. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). First, Delgado has not met this standard with respect to his claim that the district court gave inadequate reasons. *See id*. at 364-65; *Rita v. United States*, 551 U.S. 338, 358-59 (2007). Second, Delgado's suggestion that "sentencing evidence," such as the trial testimony in a related case, must be subjected to "thorough adversarial testing" misconstrues the analysis in *Rita*, 551 U.S. at 351 (explaining that "the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure"). Delgado also has failed adequately to raise or develop in his appellate brief his argument that he was denied the right to confront and cross-examine the defendant in the related case, and, thus, the issue is waived. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000). In any event, the issue

is foreclosed by circuit precedent. *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999) ("[T]here is no Confrontation Clause right at sentencing."). Finally, Delgado has failed to rebut the presumption of reasonableness that attaches to his within-guideline sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment is AFFIRMED.